# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1311V

| | | |
|---|---|---|
| CHAD ADAWAY, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: April 20, 2023 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Milton Clay Ragsdale, IV*, Ragsdale LLC, Birmingham, AL, for Petitioner.

*Nina Ren*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On May 4, 2021, Chad Adaway filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he suffered from Guillain-Barré syndrome as a result of his receipt of the Hepatitis A, Hepatitis B, and tetanus-diphtheria-acellular pertussis vaccines on May 5, 2018. The parties agreed on a stipulation resolving the case, and I issued a decision awarding Petitioner compensation. *See* ECF No. 23.

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2018). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated April 11, 2023 (ECF No. 28). This is Petitioner's first such request. Petitioner seeks $56,031.80 in attorney's fees and costs ($55,276.10 in fees plus $755.70 in costs) for the work of three attorneys - Mr. Clay Ragsdale, Ms. Alison Riley, and Ms. Tiffany White,- plus paralegals, from April 2019 to the present date. ECF No. 28 at 7–8. Respondent reacted to the fees request on April 12, 2023. *See* Response, April 12, 2023 (ECF No. 29). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$56,031.80**.

**ANALYSIS**

I.    **Attorney's Fees**

Because Petitioner's claim was successful, the Act entitles him to an award of attorney's fees. Section 15(e). Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

2

|  | 2019 | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|---|
| **Clay Ragsdale (Attorney)** | $420 | $430 | $450 | $485 | $530 |
| **Allison Riley (Attorney)** | $305 | $325 | $350 | $375 | - |
| **Tiffany B. White (Attorney)** | $250 | - | - | - | - |
| **Amy Johnson (Paralegals)** | $150 | $155 | $170 | $177 | $180 |
| **Anne Burke (Paralegal)** | - | $141 | $150 | $160 | - |

ECF No. 28 at 18–29.

Ragsdale LLC practices in Birmingham, Alabama, which has been recognized as in forum, entitling its attorneys to commensurate rates established in *McCulloch*. *See Hughes v. Sec'y of Health & Hum. Servs.*, No. 18-1895V, 2023 WL 2156640, at *2 (Fed. Cl. Spec. Mstr. Feb. 22, 2023). The requested rates for the attorneys (and their paralegals) are also consistent with what has previously been awarded in accordance with the Office of Special Masters' fee schedule.[3] *See Eason v. Sec'y of Health & Hum. Servs.*, No. 18-406V, 2022 WL 1869353, at *2 (Fed. Cl. Spec. Mstr. May 9, 2022). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter reasonable, and will therefore award it without adjustment.

Of note, Ms. White is not an attorney with Ragsdale LLC, but she also practices in Alabama. In 2019 she was retained by Petitioner and spent 4.2 hours assisting with prefiling matters before she referred Petitioner to Ragsdale LLC. ECF No. 28 at 2, 8. She charged a total of $1,125 for this work, which I deem reasonable and will therefore also award.

## II.     Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992).

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Apr. 20, 2023).

Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $755.70 in outstanding costs, including the cost of medical record retrieval and mailing costs, and the court filing fee. ECF No. 28 at 32. All requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety, and award a total of **$56,031.80,** reflecting $55,276.10 in attorney's fees and $755.70 in costs in the form of a check made jointly payable to Petitioner and his attorney Mr. Ragsdale.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[4]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.